# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-70013

RICHARD LEE TABLER,

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 6:10-CV-34

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

In light of the Supreme Court's decision in *Christeson v. Roper*, 574 U.S.
___ (2015) (per curiam), we VACATE IN PART our previous opinion denying
Richard Tabler's petition for a Certificate of Appealability, *Tabler v. Stephens*,
2014 WL 4954294 (5th Cir. 2014) (unpublished). We now hold that the
equitable rule established in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-70013

that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," logically extends to ineffective assistance of habeas counsel that prevents an initial-review collateral proceeding from ever taking place. Because Tabler's attorneys for his state habeas proceedings were also his attorneys for his federal habeas proceedings, they faced a conflict of interest that could have prevented them from arguing that their performance in Tabler's competency hearing was deficient, and, accordingly, Tabler's statutory right to counsel was violated. *See Christeson*, 574 U.S. at ___. We hereby VACATE IN PART the district court's judgment and REMAND the case to the district court solely to consider in the first instance whether Tabler, represented by his new counsel Widder or other unconflicted counsel, can establish cause for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez* that he may raise, and, if so, whether those claims merit relief.